UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DEAN RICHARD LITTLEFIELD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 07-72-P-H |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the issue whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges disability stemming from hepatitis and anxiety, is capable of making an adjustment to work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further proceedings not inconsistent herewith.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of hepatitis

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on February 29, 2008, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

B and C, neither of which alone or in combination met or medically equaled any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Findings 3-4, Record at 13-14; that he retained the residual functional capacity ("RFC") to perform sedentary exertional work and was able to lift/carry ten pounds, sit for six hours and stand/walk for two hours of an eight-hour workday, was limited to occasional crawling and occasional climbing of ladders/ropes/scaffolds but could frequently climb ramps and stairs, needed to avoid concentrated exposure to hazards such as machinery and heights and was limited to occasional decision-making and occasional interaction with the public, Finding 5, *id*. at 14; that, considering his age ("younger individual"), education (high school), work experience (transferability of skills immaterial using Appendix 2 to Subpart P, 20 C.F.R. §404 (the "Grid") as a framework) and RFC, jobs existed in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 16; and that he therefore had not been under a disability at any time through the date of decision, Finding 11, *id*. at 17.[2] The Appeals Council declined to review the decision, *id*. at 5-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981; 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

[2] The plaintiff had acquired sufficient quarters of coverage to remain insured for purposes of SSD through December 31, 2008. *See* Finding 1, Record at 13.

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff delineates five points of error, all of which challenge the substantiality of the evidence undergirding the administrative law judge's RFC finding – namely, that the administrative law judge (i)  arrived at an unsupported RFC determination, evidently based on an impermissible layperson's assessment of raw medical evidence, (ii) mishandled the RFC opinion of treating source Craig Smith, D.O., (iii) failed to consider claimed side effects of the plaintiff's medications, (iv) erroneously considered work history in assessing credibility, and (v) erred in failing to find a severe mental impairment or to follow the required technique for evaluating such impairments.  *See generally* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 6).  The administrative law judge did indeed err in the respects identified.  As the plaintiff's counsel posited at oral argument, these errors, in totality, create a notably muddled analysis.  While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel,* 141 F .3d 1249, 1252 (8th Cir.1998), reversal and remand are warranted when  failures to explicate and/or  even address material issues  prevent a reviewing court from concluding that the administrative law judge reached a supportable result via an acceptable analytical pathway, s*ee, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive

3

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted).  That is the case here.

## I. Discussion

### A. Points 1 & 2: RFC Assessment; Treating-Source Opinion

As the plaintiff suggests, *see* Statement of Errors at 2, this is a case in which lack of reasoned explication leaves the reviewing court scratching its head as to the basis for the administrative law judge's physical RFC finding, raising suspicion that she may have impermissibly derived the plaintiff's RFC at least in part from her own reading of the raw medical evidence rather than with the assistance of experts, *see, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record").

The Record contains at least one physical RFC assessment by a non-examining Disability Determination Services ("DDS") consultant.  *See* Record at 173-80 (physical RFC assessment dated July 13, 2005 by James H. Hall, M.D., deeming plaintiff capable of lifting and/or carrying fifty pounds occasionally and twenty-five pounds frequently, standing and/or walking with normal breaks for a total of about six hours in an eight-hour workday and sitting with normal breaks for a total of about six hours in an eight-hour workday, with no other limitations established save for limitation to occasional climbing of ramps/stairs/ladders/ropes/scaffolds).[3]

At or just prior to the hearing, the plaintiff also submitted a physical RFC evaluation by a treating source, Dr. Smith – which was undated but which the plaintiff's then-counsel said he assumed

---

[3] A second RFC assessment was completed by an individual whose name is illegible.  *See* Record at 140-47.  At oral argument, counsel for the commissioner conceded that it is unclear who this individual is or whether he/she is a physician or a layperson "Single Decision Maker."  In any event, the administrative law judge relied only on the Hall RFC assessment.  *See id.* at 15.  In the
*(continued on next page)*

was completed in June 2006 – in which Dr. Smith deemed the plaintiff capable of lifting and/or carrying twenty pounds occasionally and less than ten pounds frequently, standing and/or walking with normal breaks for a total of less than two hours in an eight-hour workday and sitting with normal breaks for a total of less than six hours in an eight-hour workday, with no other limitations established. *See id*. at 181-88, 202.

In essence, Dr. Hall deemed the plaintiff capable of medium-exertional-level work, while Dr. Smith deemed him incapable even of a full range of sedentary work. *See, e.g*., 20 C.F.R. §§ 404.1567(c), 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."); Social Security Ruling 83-10 ("SSR 83-10"), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 29 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.").

The administrative law judge adopted neither expert RFC opinion, deeming the plaintiff capable of greater exertion than had Dr. Smith but less exertion than had Dr. Hall. *See* Record at 15 (characterizing Dr. Hall's assessment as "not inconsistent with the treating source history" but "conceding that the claimant now retains a sedentary exertional capacity[.]"). She neglected to explain why, while finding merit in Dr. Hall's assessment, she deviated so dramatically from it. *See id*. at 14-15. Perhaps she chose to give the plaintiff the benefit of the doubt based on credible testimony at hearing, but that is far from clear: She stated that she found him not credible regarding his medically determinable impairment or the degree of limitation attributable to it. *See id*. at 14. Perhaps she chose to credit Dr. Smith's RFC assessment in whole or in part, but that, too, is doubtful: While she never

---

circumstances, I decline to take into consideration the second (mystery) RFC in assessing the sustainability of the instant decision.

explicitly stated how much weight (if any) she had chosen to accord it, language in her opinion suggests that she rejected it *in toto*. *See id*. at 15 (noting that Dr. Smith offered nothing more than comment that the plaintiff complained of fatigue and pain and provided no supporting documentation of any type). A third possibility remains: that she simply interpreted the raw evidence on her own. As noted above, that is fundamental error. *See, e.g., Gordils*, 921 F.2d at 329. In these circumstances, I decline to assume what is not otherwise apparent: that the administrative law judge reached an RFC determination in a manner free of legal error and supported by substantial evidence.

### B. Point 3: Side Effects of Medication

The plaintiff's next point of error shines a spotlight on a similarly troubling murkiness in decision-making: Although the plaintiff claimed that he suffered from side effects of medication that comprised a significant aspect of his disability, the administrative law judge either failed altogether to adjudicate that claim or, at the least, provided insufficient explanation to enable a reviewing court to satisfy itself that she had in fact adjudicated it, and that her adjudication was supported by substantial evidence. *See* Statement of Errors at 4.

As the plaintiff points out, *see id*., Social Security regulations require consideration of the side effects of medication in evaluating a claimant's symptoms, *see, e.g.*, 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). He observes that, in addition to his own testimony concerning his medication side effects, the Record contains a notation from Christina Owens, FNP-C, concerning side effects as well as two letters from Dr. Smith discussing their significance. *See* Statement of Errors at 4; Record at 103 (October 14, 2004 progress note of Owens reporting that, after trying dosage level of whole tablet of Trazodone, prescribed to treat insomnia, plaintiff "felt groggy in the morning"), 189 ( letter dated July 13, 2006 in which Dr. Smith wrote: "Mr. Littlefield is having increased dizziness from his medications. He needs to keep taking this medication for his anxiety. It is believed that his anxiety

6

worsened after his [I]nterferon for his hepatitis."), 190 (letter dated July 10, 2006 in which Dr. Smith wrote: "Dean Littlefield has active Hepatitis C. He has sought treatment in the past and was unable to tolerate the [I]nterferon due to psychiatric side effects[,] specifically agitation and anxiety. He continues to report that he is unable to work because of persistent anxiety and pain secondary to his hepatitis."). In addition, in a post-hearing letter dated July 19, 2006, the plaintiff's then-counsel stated, in relevant part:

> Dr. Smith is [i]n agreement that . . . Mr. Littlefield's medications are causing some real problems and he should curtail the use of these medications.
>
> I have also enclosed a description of the medications, with common side effects, taken by Mr. Littlefield. I would ask that you take judicial notice of the side effects for each which include dizziness and drowsiness. It is because of these side effects that Mr. Littlefield is no longer able to work.

*Id*. at 83-84.

As counsel for the commissioner pointed out at oral argument, the administrative law judge did not completely ignore the claimed side effects. In her decision, she stated:

> In a June 2006 [sic] letter, the claimant's representative essentially stated that fatigue and side-effects from prescribed medications are the reason why he is unable to work. He cited notes from Dr. Smith which state that the claimant has active hepatitis C and is continuing to have problems with pain, anxiety, and side effects from his prescribed medications <u>which he stipulates should be curtailed</u>. Dr. Smith noted that the claimant sought treatment <u>in the past</u> but was unable to tolerate the alleged psychiatric side effects of agitation and anxiety resulting from Interferon. The representative submitted a description of the common side effects which result from these prescribed medications of Klonopin, Mirtazapine, Lisinopril, and Cymbalta, notably drowsiness and dizziness.

*Id*. at 14 (citations omitted) (emphasis in original).

Nonetheless, that is the totality of the administrative law judge's discussion of side effects: She never goes on to make any findings concerning the impact, if any, they had on the plaintiff's RFC. *See id*. at 14-15. Arguably, she took side effects into account in conceding that the plaintiff possessed no more than a sedentary work capacity and/or in finding him limited to occasional decision-making and

7

occasional interaction with the public, *see id.*, but it is impossible to tell. This claimant made a colorable claim that he suffered from side effects, buttressed by documentation from treating physicians. The commissioner's regulations promise careful consideration of such claims. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). He did not receive it. It is not the role of a reviewing court to guess at how an administrative law judge may have, or might have, adjudicated the claim, or for the court or counsel for the commissioner to supply reasons for the adjudication after the fact. *See, e.g., Figueroa v. Secretary of Health, Educ. & Welfare*, 585 F.2d 551, 554 (1st Cir. 1978) ("At the very least, the administrative law judge should have made a finding on [the plaintiff's] claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored."). Reversal and remand are warranted on this basis, as well.

### C. Point 4: Use of Work History To Buttress Negative Credibility Finding

The plaintiff next argues that the administrative law judge erred as a matter of law in holding that his assertedly "sporadic" work history cut against his credibility. *See* Statement of Errors at 4-5. He is again correct. As he points out, *see id.* at 5, in *Black v. Barnhart*, No. 05-172-P-H, 2006 WL 1554645 (D. Me. June 1, 2006) (rec. dec., *aff'd* June 21, 2006), this court held that work history is an inappropriate basis on which to assess credibility, *see Black*, 2006 WL 1554645, at *5.

While the administrative law judge supplied other bases for taking issue with the plaintiff's credibility, *see* Record at 15, counsel for the commissioner acknowledged at oral argument that it is unclear how much emphasis she placed on the impermissible reason. One therefore cannot know whether consideration of the plaintiff's work history poisoned the well of the overall credibility assessment. In any event, even assuming *arguendo* that this error would have been harmless standing alone, in the circumstances it adds to the heft of the impression that this decision is sufficiently flawed overall to warrant reversal and remand.

### D.  Point 5:  Handling of Mental Impairments

The plaintiff finally faults the administrative law judge for (i) declining to deem his mental impairments severe and (ii) failing to follow the prescribed technique for assessing such impairments. *See* Statement of Errors at 5-6.  As the plaintiff points out, *see id*., the administrative law judge's findings are inconsistent: She found he had no severe mental impairment yet deemed him limited to occasional decision-making and occasional interaction with the public, *compare* Finding 3, Record at 13 *with* Finding 5, *id*. at 14.[4]

A "special technique" must be used in assessment of mental impairments, requiring, *inter alia*, assessment of the severity of the impairment on the basis of rating of the degree of limitation in four broad functional areas and, if the impairment is found to be severe and neither meets nor equals a so-called "listing," assessment of the claimant's mental RFC.  *See, e.g*., 20 C.F.R. §§ 404.1520a(a)-(d), 416.920a(a)-(d).  The written decision of an administrative law judge "must incorporate the pertinent findings and conclusions based on the technique" and "include a specific finding as to the degree of limitation in each of the [four broad] functional areas described in paragraph (c) of this section [activities of daily living, social functioning, concentration, persistence or pace and episodes of decompensation]."  *Id*. §§ 404.1520a(c)(3) & (e)(2), 416.920a(c)(3) & (e)(2); *see also, e.g., Behn v. Barnhart*, 463 F. Supp.2d 1043, 1047 (C.D. Cal. 2006) ("Although Social Security regulations no longer require that the ALJ complete a Psychiatric Review Technique Form and append it to the written decision, when there is a colorable claim of a mental impairment, the ALJ must rate as being either none, mild, moderate, marked, or extreme the claimant's functional limitations in the areas of

---

[4] "[A]n impairment is to be found not severe only if it has such a minimal effect on the individual's ability to do basic work activities that it would not be expected to interfere with his ability to do most work."  *Stanwood v. Bowen*, 643 F. Supp. 990, 991 (D. Me. 1986) (citations and internal punctuation omitted).  Limitations to only occasion decision-making and only occasional interaction with the public plainly would have more than a minimal effect on the ability to do basic mental work activities, which include understanding, *(continued on next page)*

9

daily activities, social functioning, and concentration, persistence or pace and also rate as either none, one or two, three or four or more the claimant's episodes of decompensation, and such ratings **must** be included in the ALJ's written decision.") (citations and footnote omitted) (emphasis in original).

The administrative law judge purported to adopt the Psychiatric Review Technique Form ("PRTF") of Peter G. Allen, Ph.D., who found the plaintiff's mental impairments non-severe. *See id.* at 13, 159-72. That normally would have been the end of the matter. Yet, in this case, inasmuch as she *de facto* found the plaintiff's mental impairments severe, she should have properly assessed his mental RFC in accordance with the prescribed special technique – a process that typically requires the assistance of an expert consultant. *See, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record"). There is no expert mental RFC assessment of record, and no explanation otherwise was provided for the apparent inconsistency of findings. In the circumstances, the mental-impairment findings cannot be discerned to be supported by substantial evidence.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for***

---

carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 404.1521(b), 416.921(b).

10

*which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 5th day of March, 2008.

<u>/s/ David M. Cohen</u>
David M. Cohen
United States Magistrate Judge
